UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MELVIN JERIAL JORDAN,<br><br>　　　　　　　Defendants. | No. CR02-0051MJP<br><br>ORDER DENYING DEFENDANT'S MOTION FOR POST-SENTENCING REHABILITATION CONSIDERATION |

　　　　This matter comes before the Court on Defendant Melvin Jerial Jordan's Motion for Post Sentencing Rehabilitation Consideration. (Dkt. No. 121). Mr. Jordan asks this Court to consider reducing his 110-month, which this Court imposed on May 15, 2003. In support of his motion, Mr. Jordan cites the extensive number of rehabilitative and educational programs that he has taken advantage of while in prison, including earning his Bachelor's degree in sociology. This Court commends Mr. Jordan's initiative and is impressed by his commitment to improving his life and that of his family. However, there is no basis under law for the relief that Mr. Jordan requests. For this reason, the Court must DENY his motion.

**Background**

　　　　In 2002, Mr. Jordan pled guilty to charges alleging that he had conspired to distribute marijuana and to launder drug proceeds. Although, Mr. Jordan had previously been arrested on other occasions for drug-related activities, this Court agreed with the recommendations of the probation and U.S. Attorney's offices to impose the low end of his sentencing range, which fell between 110

ORDER - 1

and 137 months (Pl's Resp. at 2). The Court understood at the sentencing that Mr. Jordan had been talking with authorities and that it was possible that a subsequent USSG §5K1.1 motion could be filed on his behalf at a later time. At the end of the sentencing hearing, defense counsel informed the Court that Mr. Jordan had plans to complete his college education while in jail and also inquired whether a later motion to reduce Mr. Jordan's sentence based on rehabilitation could be brought. The Court agreed that it would be very happy to consider a motion for reduction in sentence by someone who received a college education, while in jail, but also noted that Mr. Jordan had, "a long way" to go before then. (Def's Mot. at 2). During this colloquy, the Court understood that such a motion would be based on both rehabilitation and cooperation with the government.

Since Mr. Jordan has been in jail, he has amassed an impressive number of credentials. The Court particularly congratulates him on his completion of anger-management, parenting, and business management courses, as well as his above-noted B.A., and several practical vocational courses. (Def's Exs. 6-19). The Court also sincerely hopes that Mr. Jordan will continue to utilize the time he spends in prison as an opportunity to learn and improve himself. However, the Court may not legally grant Mr. Jordan the relief he now seeks.

**Discussion**

Under Rule 35 of the Federal Rules of Criminal Procedure, this Court may only reduce an already-imposed sentence when there is clear error in the sentence, provided that the Court acts within seven days, or to reward substantial assistance to the government. Fed. R. Crim. P. 35. Mr. Jordan has not demonstrated that either of these requirements are met in this case. As noted above, Mr. Jordan was sentenced over two years ago. Moreover, although he did speak with the government in an effort to aid its investigations, he provided inconsistent statements, which in the end were not helpful and cannot be utilized here as the basis for a reduction in his sentence. (Pl's Resp. at 2).

18 U.S.C. §3582(c) is a statute that provides for the modification of a prison sentence, but also does not provide a legal basis for the relief Mr. Jordan seeks. This statute allows a district court

ORDER - 2

to modify a prisoner's sentence for extraordinary circumstances upon the motion of the Director of the Bureau of Prisons. 18 U.S.C. §3582(c)(1)(A)(i). However, there is no such motion before the Court in this case. Looking to the body of case law on this topic, the Court may not reduce or otherwise change a criminal sentence unless it has specific statutory authority to do so. <u>United States v. Smartt</u>, 129 F. 3d 539, 541-542 (10th Cir. 1997). Defendant's counsel has not provided the Court with any statutory authority to grant the modification of Mr. Jordan's sentence and the Court has not been able to locate any such authority on its own.

Finally, Defense counsel argues that the post-<u>Blakely</u> line of cases may afford some relief, because the federal sentencing guidelines are now discretionary. However, <u>U.S. v. Booker</u>, 543 U.S. 220 (2005), and its related cases also provide no aid to Defendant because there has been no contention that this Court's sentencing decision was based on facts that were not admitted in Defendant's guilty plea or that the Court enhanced Defendant's sentence based on facts that were not admitted or proven to a jury. For all of these reasons, the Court finds itself compelled to DENY Mr. Jordan's motion.

**Conclusion**

The Court rarely sees incarcerated defendants make as much academic progress as Mr. Jordan has over the last several years and encourages him to continue this excellent work. The Court observes, however, that there is no statute or other legal authority that gives this Court the ability to reduce Mr. Jordan's previously-imposed prison sentence on the basis of rehabilitative and educational activities alone. The Court's first obligation is to uphold the law and apply it impartially--it may not act where it has not been authorized to do so by the Constitution or Congress. Although this limitation prevents the Court from granting Mr. Jordan a reduction in his sentence, the Court surmises that Mr. Jordan and his family will yet reap many benefits from his hard work and perseverance once he completes his sentence.

The Clerk is directed to send copies of this order to all counsel of record.

Dated this 10th day of January, 2006

_Marsha J. Pechman_
Marsha J. Pechman
United States District Judge